UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA §<br>§<br>v. §<br>§<br>JONATHAN ADAM VAN PELT, §<br>Defendant §<br>§ | Criminal No.: H-18-464 |

## Plea Agreement

The United States of America, by and through Ryan K. Patrick, United States Attorney for the Southern District of Texas, and Charles J. Escher, Assistant United States Attorney, and the defendant, Jonathan Adam Van Pelt, and defendant's counsel, Jim E. Lavine, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to the one count in the Information filed in this case. The Information charges defendant with willfully failing to truthfully account for and willfully failing to pay over to the IRS the withholdings of federal income tax and of the Federal

1

Insurance Contribution Act taxes (FICA) from the wages of the
employees of Stat Source, Inc., for the second quarter of 2015, in
violation of Title 26, United States Code, Section 7202. Defendant, by
entering this plea, agrees that he is waiving any right to have the facts
that the law makes essential to the punishment either charged in the
indictment, proved to a jury, or proved beyond a reasonable doubt.

## Punishment Range

2. The statutory maximum penalty for each violation of Title 26,
United States Code, Section 7202, is imprisonment of not more than
five years and a fine of not more than $250,000. Additionally,
defendant may receive a term of supervised release after imprisonment
of up to three years. *See* Title 18, United States Code, sections
3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands
that if he should violate the conditions of any period of supervised
release which may be imposed as part of his sentence, then defendant
may be imprisoned for the entire term of supervised release, without
credit for time already served on the term of supervised release prior to
such violation. *See* Title 18, United Stated Code, sections 3559(a)(4)

and 3583(e)(3).   Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.   Defendant's attorney has advised

defendant of the potential immigration consequences resulting from defendant's plea of guilty.

## Waiver of Appeal and Collateral Review

5. Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, from the United States, or from the U.S. Probation Office is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the U.S. Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing defendant, the Court is not bound to follow the Sentencing Guidelines nor to sentence defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

8. The United States agrees to each of the following:

(a)    If the Court determines that defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

## Agreement Binding - Southern District of Texas Only

9. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute defendant in the Southern District of Texas for offenses arising from conduct charged in the Information.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and defendant.   It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas

will bring this plea agreement and the full extent of defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the U.S. Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the U.S. Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy

Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or if the Court should order any or all of the sentences imposed to run consecutively, defendant cannot, for that reason alone, withdraw a guilty plea. Defendant will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

12.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)  If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if defendant, the United States, and the court all agree.

(b)  At a trial, the United States would be required to present witnesses and other evidence against defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, defendant could, but would not be required, to present witnesses and other evidence on his own behalf.   If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the court; and

(c)  At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.   However, if defendant desired to do so, he could testify on his own behalf.

(d)  The defendant also has the right to have the United States Attorney present the charges in the Criminal Information to a Grand Jury, consisting of not less than 16 nor more than 23 impartial citizens, who would hear the facts

of the case as presented by the United States Attorney and witnesses. The Grand Jury would return an indictment against the defendant only if 12 or more members of the Grand Jury found that there was probable cause to believe that the defendant committed the crimes charged in the Criminal Information.

## Factual Basis for Guilty Plea

13. Defendant is pleading guilty because he is in fact guilty of the charge contained in the Information. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish defendant's guilt:

At all times relevant to this case, Jonathan Adam Van Pelt owned and operated Stat Source, Inc., a staffing company located in Houston, Texas, providing labor to businesses. Stat Source, Inc., employed both internal and external employees. Internal employees were the employees that worked for Stat Source, Inc., at its headquarters in Houston, Texas. External employees were the employees that Stat Source, Inc., assigned to work on site at client business locations, substantially all of which were located in the Houston Division of the Southern District of Texas. Stat Source, Inc., was required to withhold

federal income taxes and FICA withholdings, i.e., Social Security and Medicare taxes, from both the internal and external employees' wages, to truthfully account for the withholdings, and to pay over the withheld amounts to the IRS. The amounts of federal income taxes and FICA that Stat Source, Inc., withheld from its employees are hereinafter referred to as the "trust fund taxes." The equal (or for some years, nearly equal) amounts of FICA that Stat Source, Inc., as an employer, was required to pay the IRS are referred to hereinafter as the "employer matching amounts."[1] The total amounts that Stat Source, Inc., was required to truthfully account for and to pay over to the IRS, which would be both the trust fund amounts and the employer matching amounts, are referred to hereinafter as "employment taxes."

At all times relevant to this case, defendant Jonathan Adam Van Pelt was not only the owner of Stat Source, Inc., but also the person who made all financial decisions at Stat Source, Inc. Defendant was the person at Stat Source, Inc., responsible for truthfully accounting for and for paying over to the IRS all of the employment taxes of Stat

---

[1] For 2010 and 2011, the amounts of Social Security withholdings from employees' wages were slightly reduced. The tax calculations in this plea agreement account for those reductions.

11

Source, Inc., including both the trust fund taxes and the employer's matching amounts.

From the third quarter of 2011 through the first quarter of 2013, a total of seven quarters, defendant signed and filed Employer's Quarterly Federal Tax Returns, IRS Forms 941, for Stat Source, Inc., that reported and paid over to the IRS only a portion of the employment taxes for each quarter. Generally, defendant accounted for and paid over each quarter the employment taxes for the internal employees of Stat Source, Inc., but not the employment taxes for the external employees.

From the second quarter of 2013 through the fourth quarter of 2015, a total of 11 quarters, defendant failed to truthfully account for any of the employment taxes of any employees by failing to file the required Employer's Quarterly Federal Tax Return, IRS Form 941, for any quarter. Defendant also failed to pay over to the IRS any of the trust fund taxes that defendant collected from any of the employees of Stat Source, Inc., for those 11 quarters, and defendant also failed to pay over any of the employer's matching amounts for those quarters.

Defendant spent the trust fund amounts withheld from employees' wages and the employer's matching amounts due the IRS on various luxury items, such as luxury automobiles, expensive furniture and leather goods, jewelry, an expensive home, lavish vacations, and various entertainment venues.

Defendant agrees that the following table correctly sets forth the amounts of employment taxes that are still due and owing to the IRS from Stat Source, Inc., for the quarters from the third quarter of 2011 through the fourth quarter of 2015. The amounts of the Social Security and Medicare taxes (FICA) reflected on the table include both the trust fund amounts withheld from the wages of the employees and the employer's matching amounts.

| Period | Federal Tax Withholdings | Social Security Tax (Including Both Trust Fund Withholdings and Employer Matching Amounts) | Medicare Tax (Including Both Trust Fund Withholdings and Employer Matching Amounts) | Total Employment Taxes Due and Owing IRS |
|---|---|---|---|---|
| 2011 Q3 | $15,609.00 | $50,039.99 | $13,953.46 | $79,602.45 |
| 2011 Q4 | $33,754.00 | $131,649.84 | $36,710.05 | $202,113.89 |

| | | | |
|---|---|---|---|
| 2012 Q1 | $44,627.00 | $209,206.91 | $58,336.77 | $312,170.68 |
| 2012 Q2 | $61,634.00 | $259,973.97 | $72,492.90 | $394,100.88 |
| 2012 Q3 | $124,193.50 | $527,866.85 | $146,747.66 | $798,808.02 |
| 2012 Q4 | $135,268.00 | $600,928.28 | $167,566.24 | $903,762.52 |
| 2013 Q1 | $170,398.50 | $734,782.54 | $171,600.88 | $1,076,781.92 |
| 2013 Q2 | $221,872.50 | $818,048.68 | $194,441.20 | $1,234,362.38 |
| 2013 Q3 | $240,096.25 | $900,244.04 | $213,722.42 | $1,354,062.71 |
| 2013 Q4 | $267,534.50 | $983,654.58 | $234,467.06 | $1,485,656.14 |
| 2014 Q1 | $246,758.50 | $924,817.22 | $216,288.72 | $1,387,864.44 |
| 2014 Q2 | $323,871.00 | $1,009,382.46 | $238,530.26 | $1,571,783.72 |
| 2014 Q3 | $326,729.00 | $1,018,424.92 | $245,007.30 | $1,590,161.22 |
| 2014 Q4 | 347,361.75 | $1,017,998.12 | $244,038.07 | $1,609,397.94 |
| 2015 Q1 | $326,551.50 | $1,062,289.02 | $248,438.78 | $1,637,279.30 |
| 2015 Q2 | $359,807.25 | $1,117,879.06 | $263,992.34 | $1,741,678.65 |
| 2015 Q3 | $321,921.50 | $1,030,869.32 | $243,901.92 | $1,596,692.74 |
| 2015 Q4 | $298,330.00 | $907,788.69 | $216,230.77 | $1,422,349.46 |
| **Total** | | | | **$20,398,629.05** |

Defendant agrees that $20,398,629.05, the total amount reflected on the above table, is the correct amount for relevant conduct, or intended tax loss, for purposes of sentencing in this case.

Defendant further agrees to pay restitution to the IRS in the total amount of $20,398,629.05, in accordance with the above table.

## Breach of Plea Agreement

14.   If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and defendant's plea and sentence will stand.   If at any time defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the court to set aside the guilty plea and to reinstate prosecution.   Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Restitution, Forfeiture, and Fines – Generally

15.   This Plea Agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless defendant obtains the prior written permission of the United States.

16.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to defendant's complete financial disclosure.

17.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

19.   Defendant agrees to pay full restitution to the victim regardless of the count of conviction.   As noted above, defendant agrees to pay restitution to the IRS in this case of $20,398,629.05.   Defendant understands that under 26 U.S.C. 6201(a)(4), the IRS will use the amount of restitution ordered as the basis for a civil assessment of taxes.   Defendant understands and agrees that the Court will

determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

20. Defendant agrees to make his restitution payments to the Clerk of Court, including on each payment the defendant's name, social security number, the district court's docket number assigned this case, the tax periods for which restitution has been ordered, and a statement that the payment is being submitted pursuant to the Court's restitution order. The defendant shall also include with the restitution payment a request that the Clerk of Court send the information and restitution payment to the IRS at the following address:

IRS-RACS
Attn.: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

The defendant also agrees to send a notice of any restitution payment

made to the Clerk of Court to the IRS at the above address.

21. Defendant agrees to sign any IRS forms deemed necessary by the IRS to enable the IRS to make an assessment of any amount ordered in restitution, including but not limited to IRS form 8821 entitled "Tax Information Authorization."

## Fines

22. Defendant understands that under the Sentencing Guidelines the Court is permitted to order defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 5 above, defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Criminal Tax Loss and Civil Tax Liability

23. Defendant understands that the amounts of relevant conduct (intended tax loss) and restitution found by the court in this

criminal case do not limit the IRS in determining whether defendant or any other taxpayer owes any additional civil taxes, interest, or civil penalties on any U.S. Individual Income Tax Years or on any employment tax quarters of Stat Source, Inc., or of any other business. Defendant understands that the IRS is free to civilly audit any of defendant's or of any other taxpayer's U.S. Individual Income Tax Years and to seek additional taxes, interest, or civil penalties for such income tax years. Defendant understands that the IRS is also free to civilly audit any of the employment tax quarters of Stat Source, Inc., or of any other business and to seek additional taxes, interest, or civil penalties (including the 100% penalty under 26 U.S.C. 6672) from any responsible person for those employment tax quarters.

24. Defendant agrees not to file any claim for refund of any amount ordered or paid in restitution in this case. Defendant further agrees not to file any action in a U.S. District Court, in the U.S. Tax Court, or in the U.S. Court of Federal Claims seeking a refund, offset, or other recovery of any amounts ordered or paid in restitution in this case.

25.     Defendant agrees to cooperate fully with the Internal Revenue Service in determining the correct tax liabilities owed on any U.S. Individual Income Tax Returns, U.S. Corporate Income Tax Returns, Employer's Quarterly Federal Tax Returns, or any other tax returns for any taxpayers.   Defendant agrees to make all books, records, and documents in his possession, custody, or control available to the Internal Revenue Service for use in computing all civil tax liabilities, both income tax liabilities and employment tax liabilities, of any taxpayers.

26.     Nothing in this plea agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from any taxpayer for any taxes, including but not limited to income taxes and employment taxes. Defendant agrees that this plea agreement and any judgment, order, release, or satisfaction issued in connection with this plea agreement will not satisfy, settle, offset, or compromise defendant's or any other taxpayer's obligation to the pay the balance of any civil liabilities, including additional taxes, penalties, or interest (1) on any U.S. Individual Income Tax Years of defendant or of any other taxpayer or

(2) on any employment tax quarters of Stat Source, Inc., or of any other business.

## Complete Agreement

27.   This written plea agreement, consisting of 25 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant, and defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston Texas, on November _8_ , 2018.

_____
Jonathan Adam Van Pelt
Defendant


Subscribed and sworn to before me on November _8_ , 2018.

David J. Bradley
United States District Clerk

By: _____
Deputy United States District Clerk

APPROVED:

Ryan K. Patrick
United States Attorney

By: _____     _____
Charles J. Escher                          Jim E. Lavine
Assistant U.S. Attorney                    Attorney for Defendant
Southern District of Texas                 770 So. Post Oak Lane, Ste. 620
1000 Louisiana St., Suite 2300             Houston, TX 77056
Houston, TX 77002                          (713) 552-0300
(713) 567-9716                             Fax: (713) 552-0746
Fax: (713) 718-3300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No.: H-18-464 |
| | § | |
| JONATHAN ADAM VAN PELT, | § | |
| Defendant | § | |

## Plea Agreement -- Addendum

I have fully explained to defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements, and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have also explained to defendant that the Sentencing Guidelines are only advisory and the court may sentence defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an

informed and voluntary one.

_____        _____
Jim E. Lavine                  Date 11/8/18
Attorney for Defendant


I have consulted with my attorney and fully understand all my

rights with respect to the indictment pending against me.   My attorney

has fully explained, and I understand, all my rights with respect to the

provisions of the United States Sentencing Commission's Guidelines

Manual which may apply in my case.   I have read and carefully

reviewed every part of this plea agreement with my attorney.   I

understand this agreement and I voluntarily agree to its terms.

_____        _____
Jonathan Adam Van Pelt         Date 11/8/18
Defendant